Argued and submitted June 16,
reversed and remanded July 28, 1980

In the Matter of Sherry Denise Healon, Child.

## STATE ex rel CHILDREN'S SERVICES DIVISION,
*Appellant,*

*v.*

## DOLAN, et ux,
*Respondents.*

(No. 22,009, CA 16358)

614 P2d 614

Karen H. Green, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Paul J. Lipscomb, Salem, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The issue in this juvenile court proceeding is whether the Children's Services Division (CSD) is a proper party to apply for a rehearing pursuant to ORS 419.581(7) following a decision by the juvenile court referee.

On August 1, 1979, a petition was filed in the juvenile department of the Marion County Circuit Court by an employee of the county juvenile department, alleging that the child who is the subject of this proceeding was within the court's jurisdiction because

"[t]he behavior, condition or circumstances of said child are such as to endanger her own welfare by reason of the following facts: Said child has been subjected to physical injuries in the form of abrasions, contusions, and lacerations on the face, back, legs, arms and abdomen, explanations for which have been unsatisfactory and inconsistent with the circumstances and nature of the injuries."

After a hearing on October 9, 1979, the referee dismissed the petition. CSD applied for a rehearing by the juvenile court pursuant to ORS 419.581(7), which provides:

"At any time prior to the expiration of 10 days after notice of the order and findings of a referee, a child, his parent, guardian or other person appearing on his behalf or the petitioner may apply to the juvenile court for a rehearing. The application may be directed to all or to any specified part of the order or findings."

The child's stepfather moved to dismiss CSD's application on the ground that CSD had no standing to make it. The stepfather's theory was, generally, that CSD's relationship to the child and the proceeding was not among the relationships mentioned in ORS 419.581(7). The trial court granted the stepfather's motion, and CSD appeals. We reverse and remand.

CSD's involvement in the proceedings began on the day the petition was filed. At that time, a CSD

[403]

employee filed a request for temporary jurisdiction of the child, which the court granted. Thereafter, the same CSD representative appeared at the preliminary hearing before the court. He later appeared at the hearing before the referee. The referee's order of dismissal directed that the child be returned to the custody of her parents (meaning her mother and stepfather). On the same day the order of dismissal was signed, the referee also signed an order which, among other things, directed that the home of the child's mother be open to CSD for inspection at all hours. The second order was entered in response to CSD's motion that it be given interim custody of the child pending the outcome of the juvenile court rehearing for which CSD had informed the referee it would apply. On October 12, 1979, the same employee of CSD who had taken the actions described above filed the application for rehearing.

The only issue in this appeal is whether CSD has standing to seek a juvenile court rehearing on the referee's dismissal order.[1] The parties appear to agree that, under the facts here, CSD's standing depends on whether it was an "other person appearing on [the child's] behalf."

It is manifest from the facts we have described that a CSD representative appeared on behalf of the child at every relevant stage of the proceedings. The stepfather argues, however, that:

"In this case, the Marion County Juvenile Department was the petitioner and appeared at the hearing through the District Attorney. Although a representative of CSD was apparently also present, that agency neither entered a separate appearance in these proceedings nor offered any additional evidence. Nor did CSD purport to represent any interest other than that already adequately represented by the County Juvenile Department * * *."

---

[1] CSD also contends that the stepfather lacked standing to move for the dismissal of CSD's application. That issue was not raised below, and we do not address it.

In light of the procedural history we have described, we do not consider the quoted language from the stepfather's brief to be a comprehensive or sufficient recitation of CSD's involvement in the proceedings. But even if we did consider that recitation to be factually complete, the stepfather does not offer reasons or authority to support his suggestion that a particular qualitative or quantitative level of procedural participation is necessary to qualify one as a "person appearing on [the child's] behalf."[2] We do not agree that the county juvenile department's role — if such it was — as the primary representative of the child's interests at the referee's hearing made CSD's participation in that hearing or its other actions nonexistent or insubstantial.

The stepfather also argues that CSD cannot apply for a rehearing under ORS 419.581(7) because CSD is not a "person." Agencies must of necessity act through natural persons. That fact was implicitly recognized by the legislature in ORS 419.484(1) which, in describing the required form of petitions alleging that a child is within the juvenile court's jurisdiction, makes special provisions for petitions filed by employees of CSD and of certain other public agencies. We do not think the legislature intended, through its use of the word "person" in ORS 419.581(7), to preclude CSD, county juvenile departments or other agencies performing related functions from fulfilling their statutory duties, which necessarily sometimes entail appearing on behalf of children in proceedings under ORS Chapter 419.

---

[2] Obviously, there can be some levels of involvement which are so minimal, e.g., that of a reporter covering a hearing, *but cf. State ex rel Oregonian Pub. Co. v. Deiz,* 289 Or 277, 613 P2d 1 (1980), that the words "person appearing on [the child's] behalf" could not be deemed applicable. But we need not decide here where the line between actual and de minimis involvement should be drawn, because CSD was no where close to any plausible location of that line.

The dismissal of CSD's application for hearing before the juvenile court was error.[3]

Reversed.

---

[3] The parties appear to assume that the words "person appearing on [the child's] behalf" in ORS 419.581(7) refer to an entity who has participated in a proceeding prior to the entry of the referee's order. For purposes of this opinon, we accept that assumption.